W. A. HARRIS, Respondent, v. PACIFIC EXPRESS
COMPANY, Appellant.

Kansas City Court of Appeals, May 18 and June 15, 1896

1. **Pleading**: DIFFERENT COUNTS: ASSIGNEE: CONSIGNEE.  In an action
   against an express company for the loss of goods shipped, the plain-
   tiff may frame his petition in two counts; in one as consignor and
   owner, in the other as assignee of the consignee.

2. **Burden of Proof**: INSTRUCTION: APPELLATE PRACTICE.  Where
   an instruction placing the burden of proof upon the plaintiff is
   refused and it is clear that no harm was committed, the error is not
   reversible.

*Appeal from the Jackson Circuit Court.*—HON. C. L.
DOBSON, Judge.

AFFIRMED (*with damages*).

*Beebe & Watson* for appellant.

(1) The court erred in refusing to give the instruc-
tion at close of case that under the pleading and
evidence plaintiff could not recover:   Because the
petition alleged that plaintiff was the owner of the
bull in controversy.   Because defendant pleaded a
special contract of shipment made by plaintiff as owner
of said bull, which special contract was admitted by
plaintiff.   A party will not be allowed to contradict
the allegations of his petition. *Ramsey v. Henderson*,
91 Mo. 560; *Knoop v. Kelsey*, 102 Mo. 291. Having al-
leged in his petition that he was the owner of the animal,
and having admitted making the special contract set
up in defendant's answer, he was therefore estopped
from contradicting his admissions of record that he
was the owner of the animal in controversy. *Lenox v.*

*Harrison*, 88 Mo. 491; *Bank v. Armstrong*, 62 Mo. 65, and cases cited.   In such case the shipper is the proper party to sue for the injury and not the consignee. *Hance v. Railroad*, 62 Mo. App. 60; *Atchison v. Railroad*, 80 Mo. 214.   (2)   The court erred in refusing defendant's instruction as to burden of proof.

*Robinson & Carkener* for respondent.

(1)   This is an action for damages based on negligence on the part of defendant's employees.   It is not a suit on the contract.   The statute provides that actions shall be brought in the name of the real party in interest. *Hance v. Railroad*, 62 Mo. App. 62, is not a parallel case.   (2)   Even if this case were an action on the contract, it could be maintained by plaintiff as assignee of Sedano, the owner.   *Rogers v. Gosnell*, 51 Mo. 466; *Dougherty v. Cooper*, 77 Mo. 528; Bliss, Code Pleadings, secs. 45, 46; *Ramsey v. Henderson*, 91 Mo. 560, and *Knoop v. Kelsey*, 102 Mo. 291, have no bearing on this case.   The second count, on which the recovery was had, alleged that Sedano was the owner of the animal and had assigned his cause of action to plaintiff.   Plaintiff had a right to insert in his petition as many counts as he saw proper to meet any possible view of the evidence.   (3)   Whatever view we may take of this question, the judgment ought to be affirmed.   It could make no possible difference to the defendant whether the plaintiff recovered in his own right on the first count of the petition or as assignee of Sedano on the second count of the petition.   R. S. 1889, sec. 2303.   By the provisions of that section, it is the duty of the court to affirm the judgment unless some error was committed by the trial court affecting the substantial rights of the appellant.   The defendant is not entitled to complain on account of the court

having refused its instruction as to the burden of proof on the question of defendant's negligence.

GILL, J.—This is a suit for the value of a young Shorthorn bull, which, in May, 1892, defendant received from plaintiff, at Linwood, Kansas, and attempted to carry to one Sedano, at the city of Mexico. The negligence charged and proved was that, after taking the bull into the car, the defendant's employees carelessly permitted the animal to escape therefrom, and while jumping from the moving train, the brute was killed. The petition was in two counts: the first alleging the bull at the time to be the property of plaintiff, while in the second count it was alleged to belong to Sedano, and that after the damage was done the claim was assigned to plaintiff. At the close of the evidence, however, the court sustained a demurrer as to the first count, and the jury, under instructions relating to the second count, found for plaintiff in the sum of $150, and defendant appealed.

There is scarcely an excuse for this appeal. When we read the evidence, as supplemented by the plaintiff's additional abstract, so clear a case is made for the plaintiff that we would be justified in overlooking unimportant technical errors and affirming the judgment. The bull originally belonged to plaintiff, who sold him to a man by the name of Sedano; and, under the latter's instructions, plaintiff put the animal in charge of defendant's agents to be transported to the city of Mexico, where Sedano resided. The animal was placed in a large crate, which, because of some crosspieces in the top of the car, could not be loaded in lengthwise, and it was, therefore, placed crosswise, so that the two ends of the crate were at the middle doors of the car. The evidence shows the bull to have

been gentle and docile; but after the train started, he became excited and restless, and began trying to break out of the crate. When the train arrived at the first station, the animal had already broken some of the slats, and the agent was warned by a stock man on the train to close the door in front of the bull to prevent an escape. No attention was paid to this warning, and after proceeding further, the bull broke out of the crate and fell from the train, by which he was so injured that he subsequently died. The plaintiff, Mr. Harris, had not yet received pay for the bull, and as Mr. Sedano was a valuable customer, he agreed with the latter to take as pay for the bull an assignment of the claim against the express company. The price of the animal in the sale of Harris to Sedano was $200 but the jury only allowed the plaintiff $150. It will thus be seen that plaintiff has a clearly meritorious case.

The points made in defendant's brief are, *first*, that a demurrer to the evidence ought to have been sustained, and, *second*, that the court erred in refusing the instruction in relation to the burden of proof. There is no merit in either claim. Plaintiff was authorized under the law to frame his petition in two counts—the basis of one being that he was, at the time, the owner of the animal, and the basis of the other, that Sedano was the owner and that he (plaintiff) had become entitled to the claim against the defendant by virtue of a purchase and assignment. As already stated, however, the court practically struck out the first count and the cause was submitted to the jury on the second count alone. And this was clearly right under the undisputed evidence.

As to the court's action in refusing defendant's instruction which told the jury that the burden of proof was on plaintiff, it is clear that no harmful error

was committed, since, in other instructions, the court practically so advised the jury.

In my opinion, this is a vexatious appeal without merit and the request of plaintiff's counsel to tax the penalty authorized by the statute ought to be granted.

The other judges concurring, the judgment will be affirmed, with ten per cent damages added.